Filed 1/13/15  P. v. Williams CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DARRYLE WILLIAMS,<br><br>    Defendant and Appellant. | D064321<br><br><br><br>(Super. Ct. No. SCD109253) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

In 1995 Darryle Williams was convicted of two offenses and, because the court found true the allegations that Williams had been convicted of two prior offenses that

were serious or violent felony strikes within the meaning of Penal Code[1] sections 667, subdivisions (b) through (i), and 1170.12, the court sentenced Williams to an indeterminate term of 25 years to life, plus one year for each of his prison prior allegations found true. In 2013 Williams moved to recall his sentence pursuant to the recently enacted Three Strikes Reform Act of 2012 (§ 1170.126 et seq., hereafter TSRA). The court denied his petition, and this appeal followed.

I

FACTUAL AND PROCEDURAL BACKGROUND

A. The Current Offenses and Sentence

In 1995 Williams was convicted of one count of being a felon in possession of a firearm (former § 12021, subd. (a)(1), see now § 29800, subd. (a)(1))[2] and one count of drawing or exhibiting a firearm (§ 417, subd. (a)(2)). In a bifurcated proceeding, the court found true the allegations Williams had been convicted of three offenses for which he served a term in state prison within the meaning of section 667.5, subdivision (b), and that two of those offenses constituted serious or violent felony strikes within the meaning of sections 667, subdivisions (b) through (i) and 1170.12. The court sentenced Williams to an indeterminate term of 25 years to life, plus one year for each of his prior prison term allegations found true.

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

[2]    For ease of reference, we hereafter refer to a conviction for felon in possession of a firearm as a conviction under section 12021, subdivision (a).

B. <u>The Recall Petition</u>

In 2012 the court provided Williams with appointed counsel to assist him with possible further proceedings for recalling his sentence under the TSRA.  However, Williams moved under *People v. Marsden* (1970) 2 Cal.3d 118 for new counsel, apparently because he was dissatisfied with his appointed counsel's view that Williams did not meet the criteria for filing a petition for recall.  The court denied the *Marsden* motion after taking judicial notice that Williams's current conviction rendered him ineligible for recall of his sentence because he used or was armed with a firearm in connection with that 1995 conviction, and therefore appointed counsel was not ineffective in not filing a petition for recall.

In 2013, new counsel filed a petition seeking to recall Williams's sentence under the TSRA.  The petition argued his current offense (the 1995 conviction) did not bar him from relief because (1) he was convicted of *possessing* a firearm and the TSRA disqualifies an inmate from a recall only if he was "armed with" or "used" a firearm in committing the current offense, and (2) he was convicted of the stand-alone offense of possession of a weapon and the TSRA should be construed to disqualify an inmate only when the current offense is a separate (or tethering) offense the inmate committed while armed with or using the firearm.  The petition argued that, because neither his current offense nor his prior strike convictions disqualified him from resentencing under the TSRA, the court should recall his sentence, find he was not currently dangerous, and resentence Williams under the TSRA.

The People opposed the petition to recall Williams's sentence, arguing he had not prima facie shown he was qualified under the TSRA to be considered for resentencing. The People argued that one of Williams prior strikes, a 1989 conviction for assault with intent to commit rape (the prior offense), was a disqualifying offense under the provisions of the TSRA because it was a sexually violent offense within the meaning of the TSRA. The People also noted, because the prior strike conviction was itself a disqualifying offense, it was unnecessary to elaborate on their opposition to his claim that the current offense was not a disqualifying offense.

The court, citing and agreeing with the People's claim that one of Williams's prior strikes was a disqualifying offense, denied the petition. Williams timely appealed.

C. The Competing Appellate Arguments

On appeal, and in response to this court's request for supplemental briefing,[3] Williams asserts the court erred when it denied his petition without holding a hearing on his current dangerousness because there was no evidentiary basis for concluding he was disqualified from consideration for resentencing under the TSRA. He argues there was no evidentiary basis for concluding his prior offense of assault with intent to commit rape was committed by force or violence for purposes of the type of prior offense that disqualifies an inmate from resentencing under the TSRA. He also contends the court

[3] Williams's counsel originally filed a brief in accordance with the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 and cited, as a possible claim, whether Williams was disqualified from relief under the TSRA because of his 1989 conviction for assault with intent to commit rape, and specifically whether that crime qualified as a sexually violent offense as defined by Welfare and Institutions Code section 6600, subdivision (b), considering the entire record of conviction.

erred because Williams was not present at the hearing on whether he was disqualified, and he argues he had a due process right to be present at the hearing. He contends these errors were prejudicial under *Chapman v. California* (1967) 386 U.S. 18, or even under the less rigorous standard of *People v. Watson* (1956) 46 Cal.2d 818, and therefore argues the matter must be remanded for a hearing, at which he has the right to be present, to determine whether he was disqualified from resentencing under the TSRA based on his prior offense of assault with intent to commit rape.

The People argue the court did not err when it found Williams's *prior* offense constituted a disqualifying offense under the TSRA, and did not err when it held the initial hearing on his petition without affording Williams the right to be present. More importantly, the People argue that even if either (or both) of these constituted error, the error was harmless even under the more rigorous harmless-beyond-a-reasonable-doubt standard of *Chapman* because, under this court's recent decision in *People v. White* (2014) 223 Cal.App.4th 512 (*White*), Williams's *current* conviction disqualified him from recalling his sentence under the TSRA because he was convicted of possessing a firearm and the record of conviction showed he was actually armed with a firearm when he committed that offense.

II

ANALYSIS

A. The TSRA Framework

"On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended sections 667 and 1170.12 and added section

5

1170.126 (hereafter the Act). The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

In addition to reforming three strikes sentencing for defendants convicted after the effective date of the TSRA, the TSRA also added section 1170.126 to provide an avenue for retroactive reform of existing three strikes sentences imposed before the effective date of the TSRA. Section 1170.126 "provides a means whereby, under three specified eligibility criteria and subject to certain disqualifying exceptions or exclusions, a prisoner currently serving a sentence of 25 years to life under the pre-Proposition 36 version of the Three Strikes law for a third felony conviction that was not a serious or violent felony may be eligible for resentencing as if he or she only had one prior serious or violent felony conviction." (*White, supra*, 223 Cal.App.4th at p. 517.)

Accordingly, the retroactive aspect of the TSRA permits an inmate to petition the superior court for recall of his or her sentence and for resentencing as a second strike offender. (§ 1170.126, subd. (b).) The inmate's petition must show he or she is prima facie eligible for recall of sentence and resentencing by showing: (1) the inmate is currently serving an indeterminate life sentence imposed under the pre-TSRA three

6

strikes law for a commitment offense or offenses that are not serious and/or violent felonies within the meaning of section 667, subdivision (c), or section 1192.7, subdivision (c); (2) the prisoner's current sentence was not imposed for any offense set forth in section 667, subdivision (e)(2)(C)(i) through (iii), or section 1170.12, subdivision (c)(2)(C)(i) through (iii); and (3) the prisoner has no prior convictions for any offense set forth in section 667, subdivision (e)(2)(C)(iv), or section 1170.12, subdivision (c)(2)(C)(iv). (§ 1170.126, subd. (e).) However, even if the inmate presents a prima facie case demonstrating he or she is otherwise eligible for resentencing, the court may, in its discretion, deny the petition if it concludes resentencing "would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

It is reversible error for a trial court to grant a petition and to resentence an inmate under the provisions of section 1170.126 when the record of conviction for the current offense demonstrates, as a matter of law, that the inmate is statutorily ineligible for resentencing. (See, e.g., *People v. Brimmer* (2014) 230 Cal.App.4th 782, 797-801, 805-806 [reversing order granting petition and resentencing inmate where record of conviction established inmate was convicted of possession of a firearm by a felon and was armed with the firearm during the commission of that offense and therefore the armed-with-a-firearm exclusion applied]; accord, *People v. Superior Court* (*Martinez*) (2014) 225 Cal.App.4th 979, 989 [granting petition for writ of mandate where trial court erred as a matter of law in finding inmate qualified for resentencing because, where inmate does not satisfy eligibility criteria, trial court has "no power to do anything but deny the petition for recall of sentence"].)

7

B. <u>Analysis</u>

An inmate is statutorily ineligible for resentencing under section 1170.126 if the inmate was "armed with a firearm," within the meaning of the exclusion set forth in section 667, subdivision (e)(2)(C)(iii), or section 1170.12, subdivision (c)(2)(C)(iii), when he or she committed the current offense. In a number of cases, the earliest of which appears to be this court's decision in *White, supra*, 223 Cal.App.4th 512, the courts have concluded that when, as here, the inmate's current three-strike sentence was based on his or her conviction for being a felon in possession of a firearm under former section 12021, subdivision (a), the inmate is ineligible for resentencing if the record of conviction *also* shows the inmate "not only had a firearm 'in [his] possession or under [his] custody or control' [but that] he also was personally armed with the firearm on that date because he was carrying—and, thus, had ' "ready access" ' [citation] to—that firearm." (*White,* at p. 525; accord, *People v. Elder* (2014) 227 Cal.App.4th 1308, 1312-1317; *People v. Brimmer, supra,* 230 Cal.App.4th at pp. 797-801, 805-806.)

The record of conviction here, which includes this court's opinion affirming Williams's 1995 convictions (see, e.g., *People v. Guilford* (2014) 228 Cal.App.4th 651, 659-662 [court may use prior opinion to show facts of underlying conviction establishes ineligibility under TSRA]), supports the ruling that Williams was ineligible for resentencing.[4] The record of conviction shows that Williams's conviction for being a

_____

4    It appears, from the trial court's ruling on his *Marsden* motion, that it believed Williams's 1995 conviction rendered him ineligible for recall of his sentence because he used or was armed with a firearm in connection with his 1995 conviction, even though the trial court ultimately cited a different reason (i.e. that one of his prior strike

felon in possession of a firearm arose when he was involved in an automobile accident with a woman. When the woman did not stop, Williams pursued her in his car until she stopped at a red light. Williams then got out of his car, knocked hard on her window and, when her passenger asked Williams what he was doing, he opened his jacket and displayed the firearm. When the woman drove away, Williams followed them in his car until she reached her apartment complex, where he again confronted her and displayed the firearm to her as well as pointed it at a neighbor standing nearby. (*People v. Williams* (Oct. 1, 1997, D024990) [nonpub. opn.], at pp. 3-5.) Thus, the record of conviction shows Williams's conviction for being a felon in possession of a firearm involved an offense in which Williams was (at a minimum)[5] personally "armed with" the firearm in connection with that offense because "he was carrying—and, thus, had ' "ready access" ' [citation] to—that firearm." (*White, supra*, 223 Cal.App.4th at p. 525.) Under analogous

_____

convictions was a disqualifying offense) in its order finding Williams was ineligible. Because, as an appellate court, "we review the correctness of the trial court's ruling, not the reasons underlying it" (*People v. Koontz* (2002) 27 Cal.4th 1041, 1075-1076, fn. 4; accord, *Punsly v. Ho* (2003) 105 Cal.App.4th 102, 113 ["A judgment or order correct in theory will be affirmed, even where the trial court's given reasoning is erroneous."]), we affirm the ruling here because Williams was ineligible based on the facts of his *current* offense, and it is unnecessary to decide whether he was *also* ineligible for resentencing based on one of prior offenses.

5      Indeed, the record of conviction also shows the jury found, beyond a reasonable doubt, Williams also *used* the firearm on that date, because the jury convicted him of violating section 417, subdivision (a)(2), which required the jury to find Williams had in fact used the firearm by drawing or exhibiting it in a rude, angry or threatening manner. (Cf. *People v. Quinones* (2014) 228 Cal.App.4th 1040, 1045 [affirming determination the defendant was ineligible for resentencing based on armed with a firearm criteria because "[h]ere we have an even stronger case than *White*; not only do the *facts* show defendant was armed with a firearm, but the jury also found those facts beyond a reasonable doubt"].)

circumstances, the court in *People v. Osuna* (2014) 225 Cal.App.4th 1020 adhered to the approach adopted in *White* and concluded that, when the inmate's current offense was being a felon in possession of a firearm, "the literal language of the [TSRA] disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm" (*id.* at p. 1032), and found the facts shown by the opinion affirming his conviction for being a felon in possession of a firearm demonstrated he was in fact armed with a firearm during the unlawful possession of that firearm.  (*Id.* at pp. 1027, 1035, 1040.)

Williams makes no effort on appeal either to distinguish *White* or to explain why we should not adhere to the analysis of the courts in *White*, *People v. Elder, supra,* 227 Cal.App.4th 1308, *People v. Brimmer, supra,* 230 Cal.App.4th 782, and *People v. Osuna, supra,* 225 Cal.App.4th 1020.  We conclude the trial court correctly ruled Williams was statutorily ineligible for a recall of his sentence under the TSRA.

DISPOSITION

The order is affirmed.


McDONALD, J.
WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.

10