Filed 1/26/16  P. v. Young CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>GREGORY YOUNG,<br><br>　　　　Defendant and Appellant. | A142000<br><br>(Alameda County<br>Super. Ct. No. 139666) |

Defendant Gregory Young appeals from the minute order denying his petition for reduction of his Three Strike sentence under Penal Code section 1170.126.[1]

In 2001, defendant was convicted of assault with a firearm (§ 245, subd. (a)(2)) and being a past-convicted felon in possession of a firearm (former § 12021, subd. (a), now § 29800, subd. (a).)  Because three of defendant's five felony convictions qualified as serious or violent, he was sentenced under the Three Strikes statutes (§§ 667, 1170.12) to state prison for a term of 25 years to life.  In 2002, on direct appeal, this court reversed the assault conviction, but affirmed the possession count.  (*People v. Young* (Oct. 1, 2002, A094322) [nonpub. opn.].)

In 2012, the voters adopted Proposition 36, the Three Strikes Reform Act, thereby amending the two Three Strike statutes to authorize terms of 25 years to life only where the "third strike" conviction is a serious or violent felony.  The initiative also added section 1170.126, which establishes the procedure for persons already sentenced under

---

[1] Statutory references are to this Code.

the Three Strikes law to apply for a reduction of a term of 25 years to life. It also specifies how the court is to review that application. Thus:

The inmate must first "file a petition for a recall of sentence, . . . to request resentencing." (§ 1170.126, subd. (b).) Subdivision (e) of section 1170.126 establishes the criteria to determine whether "[a]n inmate is eligible for resentencing." "Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e). If the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced [as a second strike offender with a doubled term] pursuant to paragraph (1) of subdivision (e) of Section 667 and paragraph (1) of subdivision (c) of Section 1170.12 unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

Defendant's petition for resentencing under section 1170.126 was opposed by the Alameda County District Attorney on the ground that "defendant is ineligible for resentencing consideration under section 1170.126 because during the commission of the offense he was armed with a firearm."

The supposed ineligibility was compelled by the language of section 1170.126 excluding from resentencing a defendant whose "current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive of subparagraph (C) of Section 667 or . . . subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2).) The incorporated by reference subdivisions thus preclude relief if "[d]uring the commission of the current offense, the defendant used a firearm, [or] was armed with a firearm." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

At the hearing held in May 2014, the brief argument focused on the issue of whether defendant was eligible for resentencing. Defendant's counsel conceded: "I understand in light of the most recent cases that address this issue, *People v. Blakely* [(2014) 225 Cal.App.4th 1042], *People v. White* [(2014) 223 Cal.App.4th 512], and *People v. Osuna* [(2014) 225 Cal.App.4th 1020], . . . the court is bound by those appellate court decisions. So all I'll say is, to protect Mr. Young's rights going forward, I do think

2

that to find [that] during the commission of the offense he was armed with a firearm requires the court to engage in its own fact finding."

The deputy district attorney largely concurred: "I agree under the case law that Mr. Young is ineligible. I would also point out that this did go to the jury. Testimony was taken that Mr. Young shot someone during the offense; therefore, it's clear he was armed. So trial transcripts . . . [c]ourt records exist."

The trial court denied the petition as follows: "The court has taken judicial notice of the court file in this matter, which includes the unpublished opinion by the First Appellate District, Division Two regarding Mr. Young's conviction, which indicates [in a] factual recitation of the case that '[a]ppellant retrieved a loaded firearm from the attic and put it in his pocket.' . . . 'Appellant drew his gun and shot Reeves in the hand,' which is use of a firearm. . . . [T]he court has [also] taken judicial notice of the probation report, and in that report on page 4, the defendant, Mr. Young, indicates that he did, in fact, get a gun and pulled the gun and shot the victim. [¶] Therefore, I think there's ample evidence under the case law to show that he was armed with a firearm and actually, in fact, used a firearm in the commission, but for the 12021, it's definitely arming, that would exclude him from re-sentencing under the statute."

As may be gathered, defendant wants a different answer to the question of whether his gun possession conviction makes him ineligible for resentencing. His approach is to urge what has become known as the "tethered" argument. Briefly, this argument, which was first rejected by the Fifth District in 2014 (*People v. Osuna*, *supra*, 225 Cal.App.4th 1020 (rev. den. July 9, 2014); *People v. White*, *supra*, 223 Cal.App.4th 512 (rev. den. Apr. 30, 2014)), posits that a defendant cannot be "armed" with a firearm during the commission of possessing that same firearm. The "armed with a firearm" exclusions of section 667, subdivision (e)(2)(C)(iii), or section 1170.12, subdivision (c)(2)(C)(iii), do not include mere possession—particularly if it is constructive possession—but requires

that the arming be "tethered" to another, different offense that does not penalize mere possession.[2]

Defendant's experienced counsel cannot deny the rejection of this argument going back to its first appearance in *People v. White*, *supra*, 223 Cal.App.4th 512. Counsel tacitly concedes that not a single reported decision accepts the argument, while a mountain of finalized authority opposes it—and supports the trial court's ruling. (*People v. Hicks* (2014) 231 Cal.App.4th 275, rev. den. Feb. 25, 2015; *People v. Brimmer* (2014) 230 Cal.App.4th 782, rev. den. Jan. 14, 2015; *People v. Quinones* (2014) 228 Cal.App.4th 1040, rev. den. Nov. 12, 2014; *People v. Elder* (2014) 227 Cal.App.4th 1308, rev. den. Oct. 15, 2014; *People v. Blakely*, *supra*, 225 Cal.App.4th 1042, rev. den. July 9, 2014; *People v. Superior Court* (*Cervantes*) (2014) 225 Cal.App.4th 1007, rev. den. July 9, 2014; *People v. Superior Court* (*Martinez*) (2014) 225 Cal.App.4th 979, rev. den. July 9, 2014.) And we decline counsel's invitation to become the first court to deviate from this settled line of decisions that our Supreme Court has undeviatingly declined to review.

For purposes of the Three Strike statutes, the prosecution is required to plead and then prove the existence of a qualifying felony conviction. Defendant contends the prosecution bears a similar burden in demonstrating that a defendant is ineligible for

---

[2] In addition to rejecting this argument, the *Osuna* court also rejected a related argument that there had to be a "facilitative nexus" to the Three Strike felony that is unrelated to possession of the firearm. (*People v. Osuna*, *supra*, 225 Cal.App.4th at pp. 1030-1032.) It is not entirely clear from the single mention of this argument in his brief that defendant is invoking this argument and relying on it. The emphasis seems to be that mere constructive possession leading to a conviction for violating former section 12021. (See *id.* at p. 1032 ["[W]e conclude the literal language of [section 1170.126] disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm."].)

It would be easily understood why petitioner does not stand upon this argument. Our opinion on the prior appeal shows that there was no question of constructive possession but actual use, as would be expected in a prosecution for assault with a firearm. (See *People v. Young*, *supra*, (A094322) ["Reeves looked down . . . , and when he looked up, appellant had pulled a gun. . . . Appellant then shot Reeves in the thigh."].)

relief under section 1170.126.  As applied here, defendant contends this required the district attorney to plead and prove that he was armed with the firearm he was convicted of illegally possessing.  This argument too has met with unanimous rejection.  (*People v. Chubbuck* (2014) 231 Cal.App.4th 737, 745-746, rev. den. Feb. 11, 2015; *People v. Guilford* (2014) 228 Cal.App.4th 651, 657, rev. den. Oct. 15. 2014 ["There is no provision for the people to plead or prove anything"]; *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1333-1334; *People v. Blakely*, *supra*, 225 Cal.App.4th at pp. 1058-1059 ["voters did not intend disqualification under Proposition 36 to require pleading and proof of a formal offense or enhancement"]; *People v. Osuna*, *supra*, 225 Cal.App.4th 1020, 1033; *People v. White*, *supra*, 223 Cal.App.4th at pp. 526-527; *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1298, fn. 21, 1303, fn. 26.)

Somewhat obliquely, defendant disputes that the trial court was empowered to decide the issue of eligibility on the basis of the trial record, including our opinion on the prior appeal.  Again, no authority supports him.  (See, e.g., *People v. Hicks*, *supra*, 231 Cal.App.4th at p. 286 ["the appellate opinion is part of the record of conviction which the trial court properly used in determining defendant's eligibility"]; *People v. Brimmer*, *supra*, 230 Cal.App.4th at pp. 800-801 ["a trial court may rely on the record of conviction, including this court's prior opinion . . . , as evidence to determine eligibility under the Act"]; *People v. Guilford*, *supra*, 228 Cal.App.4th at pp. 659-660 & fn. 5 ["the trial court was 'correct that it can rely upon facts from an appellate decision' "].)

It is not until his reply brief that defendant makes clear he believes under *Apprendi v. New Jersey* (2000) 530 U.S. 466 the determination that he was armed, and thus disqualified, can only be made by a jury, unless the defendant waives that right.  This argument is untimely.  (E.g., *People v. Tully* (2012) 54 Cal.4th 952, 1075 ["It is axiomatic that arguments made for the first time in a reply brief will not be entertained"].)  Also, it was not made in the trial court.  (E.g., *People v. Clark* (1993) 5 Cal.4th 950, 988, fn. 13 ["When a party does not raise an argument at trial, he may not do so on appeal."].)  And if the point had been preserved for review, it would lose on the merits, because, yet again, it is contrary to the unanimous authority that *Apprendi* applies

5

only when punishment is *increased*, not when, as with section 1170.126, it may be *decreased*.  (See, e.g., *People v. Brimmer*, *supra*, 230 Cal.App.4th at pp. 804-805; *People v. Blakely*, *supra*, 225 Cal.App.4th at pp. 1059-1060; *People v. Osuna*, *supra*, 225 Cal.App.4th at pp. 1039-1040; *Kaulick*, *supra*, 215 Cal.App.4th at pp. 1304-1305.)

The order is affirmed.


_____
Richman, J.


We concur:


_____
Kline, P.J.


_____
Stewart, J.