Filed 8/11/14

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C074081 |
| Plaintiff and Respondent, | (Super. Ct. No. SC060639A) |
| v. | |
| HUMBERTO QUINONES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Joaquin County, Richard J. Guiliani, Jr., Judge.  Affirmed.

Hilda Scheib, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen, and John G. McLean, Deputy Attorney General, for Plaintiff and Respondent.

1

In this case we consider whether an arming enhancement--found true by the jury but dismissed for sentencing purposes at defendant Humberto Quinones's original 1996 sentencing hearing--may be used to disqualify him for resentencing under Proposition 36. We conclude the answer is yes, and affirm the order denying his petition to recall his sentence under Three Strikes Reform Act of 2012 (Pen. Code, §§ 667, 1170.12, 1170.126,[1] Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012) (the Act)).

## BACKGROUND

A jury convicted defendant of two counts of possession for sale of heroin, one count of transportation of a controlled substance, and possession by a convicted felon of a firearm, and found he was personally armed with a firearm during the drug offenses, and had two prior strike convictions for two 1981 robberies. (§§ 211, 667, subd. (d), 1170.12, 12022, subd. (c), Health & Saf. Code, §§ 11351, 11352.) Defendant was found by peace officers with a loaded handgun in his waistband, while in possession of 80 doses of heroin, and a search of his home revealed an additional 1,500 doses of heroin. The sentencing judge struck the arming allegation "at this time as being unnecessary" but imposed a sentence on the felon-in-possession charge, noting "this was a pistol in this case, which was in his possession at the time" of the drug offenses. He sentenced defendant to an unstayed term of 75 years to life. We affirmed the judgment on direct appeal. (*People v. Quinones* (June 12, 1998, No. C025435) [nonpub. opn.].)

On January 25, 2013, defendant filed the instant petition, alleging his current felonies were not serious or violent. Regarding the arming allegation, he argued that the sentencing judge "did not just strike the *punishment*; rather, it struck the enhancement allegations completely." Thus, in his view, the arming allegation was not part of his record of conviction and he was eligible under the Act. The People opposed the motion, arguing the arming allegation had been found true beyond a reasonable doubt by the jury,

_____

[1] Further undesignated statutory references are to the Penal Code.

2

and had been stricken for sentencing purposes only, and therefore under the Act it disqualified defendant from relief.[2] Defendant disputed the legal effect of the trial court's act of striking the enhancement, asserting the sentencing court struck it for all purposes.

The trial court denied the petition, finding defendant ineligible under the Act because he possessed a firearm during the current offenses, notwithstanding that the sentencing judge struck the arming enhancement at defendant's 1996 sentencing.

Defendant timely filed this appeal.[3]

## DISCUSSION

Although the Act contains some provisions affecting sentencing taking place after its operative date, as relevant to this appeal the Act also sets forth a mechanism for relief for some existing three strikes inmates. That part of the Act creates a two-step process. First, the trial court determines whether a defendant is qualified or disqualified from seeking a recall of sentence. Second, if and only if a defendant is found to be qualified, the trial court conducts a hearing, and then applies certain standards to determine whether the defendant's sentence should be lessened. (See *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1292-1294; *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168 (*Yearwood*).) This appeal involves only the first step.

A portion of the Act pertaining to retrospective relief reads in part as follows:

"An inmate is eligible for resentencing if:

_____

[2] Defendant impliedly concedes the arming allegation would disqualify him for relief, had it not been stricken at sentencing. (See §§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

[3] Whether the appeal actually lies is an issue currently pending before our Supreme Court. (See *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708.) Although the People contest the point, we shall assume the appeal lies, and address the merits of this case.

"(1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.

"(2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.

"(3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e).)

In this case, the trial court determined the current offense fell within the bar of section 667, subdivision (e)(2)(C)(iii), and section 1170.12, subd. (c)(2)(C)(iii), each of which describes the circumstance where "[d]uring the commission of the current offense, the defendant . . . was armed with a firearm or deadly weapon."

The jury found beyond a reasonable doubt that defendant possessed a firearm during the commission of the offenses, and the sentencing judge suggested the same during the sentencing proceeding. In the course of declining to strike one or both strikes, the sentencing judge found defendant was sophisticated, given the amount of heroin he possessed and the fact he possessed a pistol, cell phone, and pager; and that the heroin was packaged for sale. Thus, apparently given the lengthy three strikes sentence imposed--which defendant at the time characterized as equating to a life-without-parole sentence--the sentencing judge found the additional term for the firearm enhancement to be "unnecessary" and declined to impose it.[4] But that does not change the *fact* that

---

[4] At the time of defendant's offenses, the punishment for the arming enhancement was three, four, or five years. (See former § 12022, subd. (c); Stats. 1995, ch. 377, § 8, p. 1949.) The sentencing judge apparently found this additional three to five year determinate term "unnecessary" because of the 75 to life sentence already imposed. On direct appeal, we upheld the 75-year sentence against claims the trial court abused its

4

defendant was armed with a firearm during the commission of the current offenses. Nothing in the record on appeal suggests any legal infirmity with the enhancement, such as a lack of evidentiary support, or other legal defect.

Nor, contrary to repeated implications by defendant, did the sentencing judge *dismiss* the enhancement under section 1385. Defendant concedes that at the time, section 1170.1, subdivision (h) permitted trial courts to strike the "additional punishment" for the armed enhancement. (Stats. 1994, ch. 1188, § 12.) The record, read in context, shows that is what occurred.

In *People v. Shirley* (1993) 18 Cal.App.4th 40 (*Shirley*), we held that the fact a sentencing court struck an admitted great bodily injury enhancement at sentencing did not preclude a later court from considering that enhancement to conclude the prior conviction was serious within the meaning of section 667. (*Shirley*, *supra*, 18 Cal.App.4th at pp. 45-48.) "Though a court may strike an enhancement allegation in the interests of justice at sentencing when authorized to do so, the enhancement is not nullified by lenient acts of the sentencing court." (*Id.* at p. 47; accord *People v. Turner* (1998) 67 Cal.App.4th 1258, 1268 ["the act of striking the prior conviction necessarily confirms a finding of truth with regard to the allegation. The striking of a prior conviction does not operate to defeat the factual finding of the truth of the prior conviction, instead, such act merely serves to prohibit a certain purpose for which the prior conviction may be used"].)

*People v. White* (2014) 223 Cal.App.4th 512 is closely on point. White had been convicted of possession of a firearm by a felon, which is not a disqualifying fact, but no arming enhancement had even been charged against him. (*Id.* at pp. 518-519.) *White* held that it was appropriate in considering White's recall petition for the trial court to

---

discretion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, and that the resulting sentence constituted cruel punishment, noting among other key facts that defendant "was in possession of a loaded handgun."

consider the *facts* of the crime, as shown by the record, to disqualify him.  (*Id*. at pp. 524-526, 527.)

Here we have an even stronger case than *White*; not only do the *facts* show defendant was armed with a firearm, but the jury also found those facts beyond a reasonable doubt.  That the sentencing judge found it "unnecessary" to add punishment therefore is immaterial.

## DISPOSITION

The order denying resentencing is affirmed.



_____DUARTE_____, J.



We concur:



_____RAYE_____, P. J.



_____BLEASE_____, J.