Filed 6/12/15  P. v. Kelly CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

THE PEOPLE,

    Plaintiff and Respondent,

    v.

WADE EDWARD KELLY,

    Defendant and Appellant.

F067082

(Super. Ct. No. F97591276-1)

**OPINION**

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

John Hargreaves, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Max Feinstat, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

On October 15, 1997, appellant, Wade Edward Kelly, pled guilty to driving under the influence causing bodily injury (Veh. Code, § 23153, subd. (a)), and admitted he personally inflicted great bodily injury upon one victim (Pen. Code,[1] § 12022.7) and caused bodily injury to two victims (former Veh. Code, § 23182). He also admitted having suffered two prior prison terms (§ 667.5, subd. (b)) and two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(e)). Pursuant to the plea agreement, the trial court struck all of the enhancement allegations, except for those based on Kelly's two prior strike convictions, and sentenced him, as a third strike offender, to an indeterminate term of 25 years to life.

On November 6, 2012, the electorate passed Proposition 36, amending the three strikes law to permit the recall of some sentences imposed under the three strikes law pursuant to the newly added section 1170.126. On March 28, 2013, Kelly filed a petition to recall his sentence pursuant to section 1170.126. On April 9, 2013, the trial court issued an order summarily denying the petition, finding Kelly statutorily ineligible for resentencing. The court explained that, due to Kelly's admission of the great bodily injury enhancement, his commitment offense of driving under the influence causing bodily injury qualified as a "violent felony" under section 667.5, subdivision (c)(8), and a "serious" felony under section 1192.7, subdivision (c)(8). The court observed, although "the enhancement was stricken by the sentencing court, the fact of the admission remains." On appeal, Kelly contends the trial court erred in relying on the stricken enhancement to find him ineligible for resentencing under section 1170.126.[2] We disagree and affirm the trial court's order.

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.
[2] We agree the claim is appealable. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598-601.)

## *DISCUSSION*

"On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended sections 667 and 1170.12 and added section 1170.126 (hereafter the Act). The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

In addition to reforming three strikes sentencing for defendants convicted after the effective date of the Act, the Act also added section 1170.126 to provide for retroactive reform of existing three strikes sentences imposed before the effective date of the Act. Section 1170.126 "provides a means whereby, under three specified eligibility criteria and subject to certain disqualifying exceptions or exclusions, a prisoner currently serving a sentence of 25 years to life under the pre-Proposition 36 version of the Three Strikes law for a third felony conviction that was not a serious or violent felony may be eligible for resentencing as if he or she only had one prior serious or violent felony conviction." (*People v. White* (2014) 223 Cal.App.4th 512, 517 (*White*), review den. Apr. 30, 2014, S217030.)

Kelly contends the trial court erred in finding him ineligible for resentencing under the Act because his current felony of driving under the influence causing bodily injury is not serious or violent. While acknowledging this offense "would constitute a serious or violent felony … if the enhancement for infliction of great bodily [injury] is included," Kelly notes the enhancement was stricken in this case and argues that nothing in the plain language of section 1170.126 permitted the court to rely on a stricken enhancement to

3.

find him ineligible for resentencing.  He also notes the absence of "published decisions analyzing the situation where a previously dismissed enhancement was used to find an inmate ineligible for resentencing under Proposition 36."

Since the completion of briefing in this case, however, a number of decisions have been published addressing analogous situations.  Thus, in *People v. Quinones* (2014) 228 Cal.App.4th 1040, 1042 (*Quinones*) (review den. Nov. 12, 2014, S221336), the court concluded that "an arming enhancement—found true by the jury but dismissed for sentencing purposes at [the defendant's] original 1996 sentencing hearing—may be used to disqualify him for resentencing under Proposition 36."

In *Quinones*, a jury convicted the defendant of two counts of possession for sale of heroin, one count of transportation of a controlled substance, and possession by a convicted felon of a firearm, and found he was personally armed with a firearm during the drug offenses, and had two prior strike convictions.  (*Quinones*, *supra*, 228 Cal.App.4th at p. 1042.)  At sentencing, the court "struck the arming allegation 'at this time as being unnecessary' but imposed a sentence on the felon-in-possession charge, noting 'this was a pistol in this case, which was in his possession at the time' of the drug offenses."  (*Ibid.*)  The court then sentenced the defendant to a term of 75 years to life.  (*Ibid.*)

The defendant filed a petition to recall his sentence under the Act, asserting his current felonies were not serious or violent.  (*Quinones*, *supra*, 228 Cal.App.4th at p. 1042.)  Because the sentencing court had "'struck the enhancement allegations completely'", the defendant posited that "the arming allegation was not part of his record of conviction and he was eligible under the Act."  (*Ibid.*)  In opposition, the People argued "the arming allegation had been found true beyond a reasonable doubt by the jury, and had been stricken for sentencing purposes only, and therefore under the Act it disqualified defendant from relief."  (*Id.* at p. 1042, fn. omitted.)  The trial court denied the defendant's petition for resentencing, "finding defendant ineligible under the Act

because he possessed a firearm during the current offenses, notwithstanding that the sentencing judge struck the arming enhancement at defendant's 1996 sentencing." (*Id.* at p. 1043.)

The *Quinones* court concluded that the trial court correctly found the defendant was ineligible for resentencing based on the court's determination that "the current offense fell within the bar of section 667, subdivision (e)(2)(C)(iii), and section 1170.12, subd. (c)(2)(C)(iii), each of which describes the circumstance where '[d]uring the commission of the current offense, the defendant … was armed with a firearm or deadly weapon .…'" (*Quinones*, *supra*, 228 Cal.App.4th at p. 1044.) The court explained:

> "The jury found beyond a reasonable doubt that defendant possessed a firearm during the commission of the offenses, and the sentencing judge suggested the same during the sentencing proceeding. In the course of declining to strike one or both strikes, the sentencing judge found defendant was sophisticated, given [*inter alia*] the amount of heroin he possessed and the fact that he possessed a pistol .… Thus, apparently given the lengthy three strikes sentence imposed … the sentencing judge found the additional term for the firearm enhancement to be 'unnecessary' and declined to impose it. But that *does not change the fact that defendant was armed with a firearm during the commission of the current offenses.* Nothing in the record on appeal suggests any legal infirmity with the enhancement, such as a lack of evidentiary support, or other legal defect." (*Id*. at p. 1044, bracketed insertion added, italics added, fn. omitted.)

In support of its conclusion that the defendant was ineligible for resentencing under the Act because he was armed with a firearm during the commission of the current offense, the court in *Quinones* replied partly on its earlier decision in *People v. Shirley* (1993) 18 Cal.App.4th 40 (*Shirley*), authority cited by the trial court here in its order finding Kelly ineligible for resentencing. As the *Quinones* court explained:

> "[*Shirley*] held that the fact a sentencing court struck an admitted great bodily injury enhancement at sentencing did not preclude a later court from considering that enhancement to conclude the prior conviction was serious within the meaning of section 667. [Citation.] 'Though a court may strike an enhancement allegation in the interests of justice at sentencing when authorized to do so, *the enhancement is not nullified by lenient acts of the*

5.

*sentencing court.*' [Citations.]" (*Quinones*, *supra*, 228 Cal.App.4th at pp. 1044-1045, italics added.)

In other words, "[t]he striking of a prior conviction does not operate to defeat the factual finding of the truth of the prior conviction, instead, such act merely serves to prohibit a certain purpose for which the prior conviction may be used." (*People v. Turner* (1998) 67 Cal.App.4th 1258, 1268.)

The *Quinones* court also found to be "closely on point" the recent decision of *White*, *supra*, 223 Cal.App.4th 512, explaining:

> "White had been convicted of possession of a firearm by a felon, which is not a disqualifying fact, but no arming enhancement had even been charged against him. [Citation.] *White* held that it was appropriate in considering White's recall petition for the trial court to consider the *facts* of the crime, as shown by the record, to disqualify him. [Citation.]

> "Here we have an even stronger case than *White*; not only do the *facts* show defendant was armed with a firearm, but the jury also found those facts beyond a reasonable doubt. That the sentencing judge found it 'unnecessary' to add punishment therefore is immaterial." (*Quinones, supra,* 228 Cal.App.4th at p. 1045; see *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1026-1027, 1032, 1035, 1040 (review den. July 9, 2014, S218183) [where inmate's current offense possession of firearm by felon, inmate disqualified from resentencing under Act if record of conviction shows inmate in fact armed with firearm during unlawful possession thereof; disqualifying factors need not be pled and proved to jury beyond reasonable doubt]; accord, *People v. Elder* (2014) 227 Cal.App.4th 1308, 1312-1317 (review den. Oct. 15, 2014, S220788); *People v. Brimmer* (2014) 230 Cal.App.4th 782, 797-801, 805-806 (review den. Jan. 14, 2015, S222664).)

In light of the foregoing authorities, we conclude the trial court here did not err in denying Kelly's petition to recall his sentence. Even though the great bodily injury enhancement was stricken for sentencing purposes pursuant to Kelly's plea agreement, the undisputed fact remains that he personally inflicted great bodily injury upon one of the victims in his commitment offense of driving under the influence causing bodily

injury.[3]  Therefore, the trial court properly concluded Kelly's current felony was a

serious felony and he was ineligible for resentencing under section 1170.126.

## *DISPOSITION*

The judgment is affirmed.


_____
                                                                                                                        HILL, P. J.

WE CONCUR:


_____
GOMES, J.


_____
FRANSON, J.

---

**3**      During the proceedings below, the trial court made statements acknowledging the horrific nature of the injuries underlying the great bodily enhancement admitted by Kelly and emphasizing that the court's approval of the plea agreement, including the striking of the enhancement, was not for Kelly's benefit, but for the benefit of the victim and the victim's family, to spare them from having to testify at trial and relive the traumatic accident caused by Kelly's intoxicated driving.  In the pre-probation report, which the court read and considered prior to sentencing, the circumstances of the accident were succinctly summarized thus:  "Kelly drove his vehicle under the influence of cocaine causing injury to three different persons including the amputation of both legs of a 13-year-old male."  At sentencing, the court stated this was "one of the worst cases I've ever seen" and "one of those cases where frankly the family needed to be spared coming into trial.…  And the striking of these enhancements made this case go away as far as not needing to try it."