Filed 9/3/15  P. v. Turner CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RODNEY TURNER,<br><br>    Defendant and Appellant. | B260388<br><br>(Los Angeles County<br>Super. Ct. No. SA025469) |

APPEAL from an order of the Superior Court of Los Angeles County. William C. Ryan, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, Richard B. Lennon, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, and Idan Ivri, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Rodney Turner (defendant) was sentenced to three prison sentences of 25 years to life, one for each of his "third-strike" convictions. Following the voters' enactment of Proposition 36, which is formally known as the Three Strikes Reform Act (Act), defendant petitioned the court for resentencing on two of the convictions. The trial court denied his petition, reasoning that his ineligibility for resentencing on one of the counts prohibited resentencing on the other counts as well. This was incorrect under the California Supreme Court's recent decision in *People v. Johnson* (2015) 61Cal.4th 674 (*Johnson*), which requires courts to assess eligibility for resentencing on a count-by-count basis. We nevertheless affirm because defendant is ineligible for resentencing on each individual count.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.    Background Facts

In May 1996, defendant aided and abetted two others in committing an armed robbery of McDonald's employees in a McDonald's drivethrough. (*People v. Turner* (October 16, 1998, B112835) [nonpub. opn.], at pp. 2-3.) After law enforcement traced a license plate observed at the robbery to defendant's car, they effected a traffic stop and found defendant with a loaded firearm on his person and a small rock of cocaine in the car's center console. (*Id.*, at p. 3.)

The People charged defendant with (1) second degree robbery (Pen. Code, § 211)[1]; (2) felon in possession of a firearm (§ 12021, subd. (a)(1))[2]; and (3) possession of a controlled substance (Health & Safety Code, § 11350, subd. (a)). The People further alleged that defendant's two 1992 convictions for robbery constituted two prior "strikes" within the meaning of the Three Strikes law (§§ 667, subd. (b)-(i), 1170.12, subds. (a)-

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    This section was subsequently repealed and reenacted as section 29800, subdivision (a)(1). (See Cal. Law Revision Com. & Historical and Statutory Notes, 51D, pt. 4, West's Ann. Pen. Code (2012 ed.) foll. § 29800, p. 194.)

2

(d)), and two prior serious felonies (§ 667, subd. (a)(1)). The People also alleged that a principal in the robbery was armed with a firearm (§ 12022, subd. (a)(1)).

A jury convicted defendant of all three offenses and found the conduct enhancement to be true. The trial court found the prior conviction allegations to be true.

The trial court sentenced defendant to prison for 86 years to life. The trial court imposed consecutive sentences of 25 years to life on each offense because they were each a "third-strike" offense in light of defendant's two prior "strike" convictions. (§§ 667, subd. (e)(2); 1170.12, subd. (c)(2).) The trial court then imposed a consecutive sentence of one year for the firearm enhancement and five years for each prior serious felony conviction.

Defendant appealed. We affirmed defendant's conviction, but remanded the case to the trial court to exercise its discretion whether to impose consecutive or concurrent sentences on the firearm and controlled substance possession counts. (*People v. Turner* (October 16, 1998, B112835 [nonpub. opn.], at pp. 3-5.) The trial court reimposed consecutive sentences.

## II. The Current Petition

In 2012, the voters enacted the Act. Among other things, the Act permits criminal defendants sentenced to a "third-strike" sentence under the Three Strikes law to seek resentencing, if that "third-strike" sentence does not arise from an offense that is "serious," "violent" or otherwise ineligible for resentencing and if the defendant's offense conduct is not otherwise excepted from eligibility. (§ 1170.126, subds. (a) & (e)(1).)

In 2014, defendant sought resentencing on the firearm possession and controlled substance possession counts. The trial court denied his petition, reasoning that defendant's ineligibility for resentencing on the second degree robbery count automatically rendered him ineligible for resentencing on the other two counts.

Defendant timely appeals.

### DISCUSSION

Defendant argues that the trial court erred in declaring defendant ineligible for

3

resentencing on all three of his "third strike" sentences just because he was ineligible on the second degree robbery count. Defendant is correct. In a decision handed down after the trial court's ruling, our Supreme Court held that "the Act requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis" (*Johnson*, *supra*, (2015) 61Cal.4th at p. 688), such that ineligibility for resentencing on one count does not affect eligibility for resentencing on other counts. However, "'we review the [trial court's] ruling, not the court's reasoning, and if the ruling was correct on any ground, we affirm.' [Citation.]" (*People v. Chism* (2014) 58 Cal.4th 1266, 1295, fn. 12.) Here, the trial court's ruling was ultimately correct because defendant is independently ineligible for resentencing as to each of the counts with a "third-strike" sentence. We assess eligibility for resentencing under the Act de novo. (*People v. Martinez* (2014) 226 Cal.App.4th 1169, 1181.)

Defendant is ineligible for resentencing under the Act on the robbery count because the Act authorizes resentencing only for "third-strike" convictions "that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).) Robbery is both a serious felony (§ 1192.7, subd. (c)(19)) and a violent felony (§ 667.5, subd. (c)(9)), so the Act by its terms does not reach this count.

Additionally, defendant is ineligible for resentencing under the Act on the felon in possession of a firearm count. Although that offense is neither a serious nor violent felony, the Act specifically precludes resentencing "for any of the offenses appearing" in section 667, subdivisions (e)(2)(C)(i)-(iii). (§ 1170.126, subd. (e)(2).) Section 667, subdivision (e)(2)(C)(iii) includes, among other things, "the commission of the current offense" while "the defendant . . . was armed with a firearm." (§ 667, subd. (e)(2)(C)(iii).) A person is "armed" when he "has the specified weapon available for use, either offensively or defensively." (*People v. Bland* (1995) 10 Cal.4th 991, 997; § 1203.06, subd. (b)(3); see also *People v. Brimmer* (2014) 230 Cal.App.4th 782, 792 (*Brimmer*) [applying this definition of "armed" to the Act].) In assessing eligibility under

4

the Act (including whether a defendant was "armed"), courts are to look to the whole record (*People v. White* (2014) 223 Cal.App.4th 512, 527 (*White*)), which encompasses prior appellate opinions (*People v. Guilford* (2014) 228 Cal.App.4th 651, 660). Although a person possessing a firearm is not always armed with that firearm (*People v. Elder* (2014) 227 Cal.App.4th 1308, 1313-1314 (*Elder*)), there is no dispute in this case that defendant was armed with the firearm because he was carrying a loaded gun on his person and thus had it readily "available for use." Defendant concedes as much in his opening brief. In such instances, the defendant is ineligible for resentencing under the Act. (See *White*, *supra*, 223 Cal.App.4th at p. 527 [so holding, as to felon in possession of a firearm count where defendant was also armed]; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1026-1027 [same]; *Elder*, at pp. 1313-1314 [same]; *Brimmer*, at pp. 793-797 [same].)

For the same reasons, defendant is also ineligible for resentencing on the controlled substance possession count. Defendant possessed the cocaine at the same time he possessed the gun. Because he was, as explained above, armed while possessing the gun, he was no less armed while simultaneously possessing the cocaine. Where a defendant is armed while possessing a controlled substance, he is ineligible for resentencing on that count. (See *People v. Quinones* (2014) 228 Cal.App.4th 1040, 1042-1045.)

## DISPOSITION

The order denying the petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
         HOFFSTADT

We concur:

_____, P.J.        _____, J.
     BOREN                       CHAVEZ

5