Filed 2/16/16  P. v Rogers CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C075970 |
| Plaintiff and Respondent, | (Super. Ct. No. CM013236) |
| v. | |
| ELLIOTT LAMONT ROGERS, | |
| Defendant and Appellant. | |

Defendant Elliott Lamont Rogers appeals from the trial court's order denying his petition for recall and resentencing under the Three Strikes Reform Act of 2012 (the Act). (Pen. Code, § 1170.126.)[1]

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### Trial Evidence, Verdict, and Sentencing

On November 24, 1999, defendant robbed a check cashing business in Chico. During the robbery, defendant pointed a small handgun at the teller, donned a " 'Scream' " mask, handed the teller a small black duffel bag, and told her to put money

---

[1] Undesignated statutory references are to the Penal Code.

1

from her drawer in the bag. She complied. After defendant left the business, the teller saw him get into a maroon or burgundy vehicle and drive off. About 45 minutes later, defendant was stopped by law enforcement while he was driving a vehicle matching the description of the one used by the robber. United States currency matching the denominations taken from the check cashing business were recovered from defendant's jacket pockets. During a search of defendant's apartment, law enforcement found a black " 'belly bag' " that contained a handgun and ammunition. A Scream mask was also found in the apartment. The teller identified the mask and the bag as items used in the robbery. Defendant's fingerprints were found on the door to the check cashing business and the teller identified defendant as the robber at trial. (*People v. Rogers* (May 15, 2003, C038965) [nonpub. opn.] slip. opn. at pp. 2-5 (*Rogers*).)

A jury convicted defendant of second degree robbery (§ 211 -- count 1) and found that he personally used a firearm in the commission of that offense (§§ 12022.5, subd. (a)(1), 12022.53, subd. (b)). The jury also convicted defendant of possession of a firearm by a felon (former § 12021, subd. (a)(1) [now § 29800, subd. (a)(1)] -- count 2). The trial court found that defendant had sustained three prior serious felony convictions (§§ 667, subds. (a) & (b)-(i), 1170.12) and sentenced defendant to state prison for 64 years to life. (*Rogers*, p. 1.) This court affirmed the judgment on May 15, 2003. (*Id.* at p. 2.)

### The Petition for Resentencing

On June 24, 2013, defendant filed a petition for resentencing under section 1170.126. The People opposed the petition, arguing (1) section 1170.126 was not intended to apply to third strikers who had been convicted of both a serious/violent felony and a nonserious/nonviolent felony in their most recent case, and (2) an inmate is statutorily ineligible for resentencing even for a nonserious/nonviolent felony conviction if the inmate used or was armed with a firearm during the commission of that offense.

2

The trial judge that originally presided over the trial conducted an eligibility hearing on the petition on November 21, 2013. At the outset of the hearing, defendant conceded that he was ineligible for resentencing under section 1170.126 as to count 1, robbery and personal use of a firearm; thus, he sought relief only as to count 2, felon in possession of a firearm.

Defense counsel conceded and the trial court found that the firearm in count 2 was the same firearm used during the robbery and referenced in the firearm use enhancement attached to count 1. Defendant does not challenge this factual finding in this appeal.

After hearing argument, the trial court denied the petition on two grounds. First, defendant was ineligible for resentencing as to count 2 because the firearm he was convicted of possessing was also the firearm he used to commit the robbery. By finding he personally used a firearm as to that offense, the jury necessarily found he was " 'armed with a firearm' " in the commission of count 2, which disqualified that count from sentence reduction under section 1170.126. Second, "as an alternative basis" for ruling defendant ineligible, the court referenced the intent of the voters in enacting the Act and the nature of defendant's convictions. The court stated: "[F]or sure the initiative was designed to protect people who write bad checks as their third offense or forgery or petty theft with a prior, that they should be -- they should not be subject to the 25-to-life sentence that Prop - that Three Strikes law used to require. [¶] In this case, [defendant], had he just committed the 'felon in possession of a firearm," would be eligible, if that was the only offense he was guilty of. But in -- based upon the context of when he possessed it and why he possessed it at that point in time, I don't think Prop. 36 as written was designed to benefit him. That's an alternative reason for the ruling."

## DISCUSSION

Defendant contends that the trial court's first basis for finding him ineligible for sentence reduction was legally incorrect, and the second basis was invalid because the court did not hold a hearing on the issue or consider dangerousness factors.

3

## I. Simultaneous Conviction of a Serious/Violent Felony Offense and a Nonserious/Nonviolent Felony Offense

The People assert that because defendant was simultaneously convicted of a serious/violent felony offense and a nonserious/nonviolent felony offense, that he is ineligible for resentencing. It appears that this is what the trial court may have meant when, in stating its alternative basis for finding defendant ineligible, it indicated that defendant might have been eligible if he had only been convicted of possession of a firearm by a felon.

After briefing was completed in this case, the California Supreme Court rejected this theory of ineligibility and held that when a defendant's current convictions involve a serious/violent felony offense as well as a nonserious/nonviolent felony, a defendant may be resentenced pursuant to section 1170.126 on the nonserious/nonviolent felony offense. (*People v. Johnson* (2015) 61 Cal.4th 674, 679, 688.) Therefore, "post-Proposition 36, a defendant convicted of a serious or violent felony and a felony that is neither serious nor violent will receive a sentence of at least 25 years to life for the former and, *absent a statutory exception*, a more lenient two-strikes sentence for the latter." (*Id*. at p. 690, italics added.) But as can be seen by the italicized portion of the quote from *Johnson*, a statutory exception may still apply to disqualify an inmate. As the trial court ruled, an exception applies here.

## II. Firearm Use and Arming Exception

Sections 1170.126, subdivision (e)(2), and 667, subdivision (e)(2)(C)(iii), operate as an exception to resentencing a third striker to a second strike sentence for a current offense that is a nonserious/nonviolent felony. Under these provisions, an inmate is ineligible for resentencing if "[d]uring the commission of the current offense," the defendant "used" or was "armed with a firearm."

Defendant contends that he could only have been armed if an arming allegation had been pleaded and proven beyond a reasonable doubt as to count two at his trial. He

4

further argues that the applicable statutory language suggests that the arming exclusion does not apply to possession offenses because the possession must be " 'tethered' " and have some " 'facilitative nexus' " to a separate felony offense. Courts of appeal, including this one, have rejected both arguments. (*People v. Hicks* (2014) 231 Cal.App.4th 275 (*Hicks*); *People v. Elder* (2014) 227 Cal.App.4th 1308 (*Elder*); *People v. Blakely* (2014) 225 Cal.App.4th 1042 (*Blakely*); *People v. Osuna* (2014) 225 Cal.App.4th 1020 (*Osuna*); *People v. White* (2014) 223 Cal.App.4th 512 (*White*).) We reject defendant's arguments for the same reasons set forth in those cases.

As an example, we discuss *Osuna*. In that case, the defendant was convicted of a single offense, possession of a firearm by a felon (former § 12021, subd. (a)(1), now see § 29800, subd. (a)(1)), and sentenced to 25 years to life pursuant to the three strikes law. (*Osuna, supra*, 225 Cal.App.4th at p. 1027.) The trial evidence established that a police officer saw defendant holding a handgun as he fled on foot from a vehicle the officer had been pursuing. A gun was found in an air conditioner duct at the house where he fled to. One loaded magazine for the handgun was found in his flight path and another was found in the vehicle defendant fled from. (*Ibid.*) Defendant appealed the trial court's denial of his petition for resentencing under the Act. In rejecting his claims on appeal, the *Osuna* court succinctly stated, "[W]e hold[:] (1) disqualifying factors need not be pled and proven to a jury beyond a reasonable doubt; (2) where there are facts in the record of conviction that show an inmate was 'armed with a firearm'—had the firearm available for immediate offensive or defensive use—during the commission of his or her current offense, the inmate is disqualified from resentencing under the Act even though he or she was convicted of possessing the firearm, and not of being armed with it; and (3) being 'armed with a firearm' 'during the commission of the current offense,' for purposes of the Act, does not require the possession be 'tethered' to, or have some 'facilitative nexus' to, an underlying felony." (*Id.* at pp. 1026-1027.)

5

In arriving at its holding, the *Osuna* court concluded that the electorate intended the term, " 'armed with a firearm,' " as used in the Act, to be defined as that term had been previously defined by statute and the courts. (*Osuna, supra*, 225 Cal.App.4th at p. 1029.) " '[A]rmed with a firearm' " means "having a firearm available for use, either offensively or defensively." (*Ibid*.; accord, *Hicks, supra*, 231 Cal.App.4th at p. 283; *Blakely, supra*, 224 Cal.App.4th at pp. 1051-1052; *White, supra*, 223 Cal.App.4th at pp. 524-526.) Being armed with a firearm is different from simple possession of a firearm, because simple possession requires only that the firearm be within the defendant's dominion and control and a firearm could be under one's dominion and control without it being available for use. (*Osuna*, at pp. 1029-1030.) The court concluded that the trial evidence showed defendant had the firearm available for use because he was holding the firearm when he got out of the car. (*Id*. at p. 1030.)

Like defendant here, the defendant in *Osuna* conceded his possession of the firearm, but argued that there must be an underlying felony to which the firearm possession is " 'tethered' " or to which it has some " 'facilitative nexus' " and he could not be armed with a firearm during the commission of possession of the same firearm. Rejecting that argument, the *Osuna* court distinguished arming in the context of an arming enhancement, which requires a "facilitative nexus," from the statutory exception to three strikes resentencing. (*Osuna, supra*, 225 Cal.App.4th at pp. 1030-1031.) Unlike the arming enhancement, "which requires that a defendant be armed '*in* the commission of' a felony," the Act disqualifies an inmate from eligibility for lesser punishment if he or she was armed with a firearm " '*during* the commission of' the current offense.' " Only a "temporal nexus" is required for the Act, not a facilitative one. (*Id*. at p. 1032; accord, *Hicks, supra*, 231 Cal.App.4th at pp. 283-284.) The *Osuna* court reasoned that since the issue it addressed was not the imposition of an enhancement's additional punishment but rather eligibility for reduced punishment, "the literal language of the Act disqualifies an

inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*Osuna*, at p. 1032.)

The *Osuna* court went on to reject the notion that the arming had to be pleaded and proved. (*Osuna, supra*, 225 Cal.App.4th at pp. 1033-1034; accord, *Hicks, supra*, 231 Cal.App.4th at p. 285; *Blakely*, *supra*, 225 Cal.App.4th at pp. 1048, 1057-1060; *White*, *supra*, 222 Cal.App.4th at pp. 526-527.) Nor must the arming be proved to the trial fact finder or the judge who reviews the petition beyond a reasonable doubt. (*Osuna*, at pp. 1038-1040; accord, *Elder, supra*, 227 Cal.App.4th at pp. 1314-1315; *Blakely*, *supra*, 225 Cal.App.4th at pp. 1059-1063.) We agree with the reasoning in these cases on these points as well.

As we have noted, defendant conceded and the trial court found that the firearm that was used during the robbery was the same firearm that was the subject of count 2, possession of a firearm by a felon. Thus, defendant was not only armed with, but he also used the firearm. And the jury found (albeit as an enhancement to count one) that the evidence established defendant had used that firearm beyond a reasonable doubt. Defendant was clearly disqualified under the exception for firearm use or arming and is not eligible for a sentence reduction under the Act.

### III. Dangerousness

Reading the trial court's alternative basis for finding defendant ineligible as an exclusion because the Act was not intended to benefit people like defendant, he contends that the trial court could not validly make that finding without conducting a dangerousness hearing. But as defendant concedes, the determination of whether a third striker's sentence should be reduced to a second strike sentence is a two-step process. (*People v. Quinones* (2014) 228 Cal.App.4th 1040, 1043.) First, a trial court determines if the inmate is eligible for sentence reduction. Second, if the inmate is found to be eligible, the trial court applies certain factors to determine whether a sentence reduction would pose an unreasonable risk of danger to public safety. (*Ibid*.) Having validly

7

determined defendant was not eligible, no dangerousness hearing was required in defendant's case.

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.


      MURRAY      , J.


We concur:



      RAYE      , P. J.



      BLEASE      , J.