Filed 6/8/16  P. v. Byers CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CLIFFORD BYERS,<br><br>    Defendant and Appellant. | B260487<br><br>(Los Angeles County<br>Super. Ct. No. BA109527) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed in part and reversed and remanded in part.

Maria Morrison, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Clifford Byers appeals from an order denying his petition for resentencing under Proposition 36, the Three Strikes Reform Act of 2012, which reduces the punishment for some third-strike offenses that are neither serious nor violent. Because we conclude that Byers was eligible for resentencing on some counts under the act, we affirm in part and reverse and remand for resentencing in part.

## BACKGROUND

In 1998, Byers was convicted of: count 1, conspiracy to manufacture phencyclidine (PCP) (Pen. Code, § 182, subd. (a)(1)),[1] Health & Saf. Code, § 11379.6; count 8, manufacturing PCP (Health & Saf. Code, § 11379.6, subd. (a)); counts 9 and 12, possessing PCP for sale (Health & Saf. Code, § 11378.5); count 13, manufacturing PCP (Health & Saf. Code, § 11379.6, subd. (a)); count 18, manufacturing PCP (Health & Saf. Code, § 11379.6, subd. (a)); count 19, possessing to manufacture PCP (Health & Saf. Code, § 11383, subd. (b)(1)); and count 20, possessing a firearm with a prior (former § 12021.1). On counts 1 and 12, the jury found true a weight enhancement allegation, i.e., the amount of PCP exceeded 100 liters by volume (Health & Saf. Code, § 11370.4, subd. (b)(2)). Based on prior strikes, Byers was sentenced, on counts 8, 12 and 13 to 25 years to life, for a total of 75 years to life in prison. On counts 19 and 20, he was sentenced to concurrent 25-years-to-life terms.[2] Sentences on counts 1, 9 and 18 were stayed.

In December 2012, Byers petitioned for resentencing under Proposition 36. The People opposed the petition on the ground that Byers was ineligible for resentencing because of the firearm conviction (count 20) and the true findings on the weight enhancement allegations (counts 1 and 12). The trial court agreed that the true findings

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     An amended abstract of judgment filed in July 2001 indicates that the sentence on count 20 was consecutive and not concurrent. Appellant's counsel intends to seek correction in the trial court.

2

on the weight enhancement allegations rendered Byers ineligible for relief and denied the petition on November 10, 2014.

## DISCUSSION

Byers contends, and the People agree, that Byers was eligible for relief under Proposition 36 as to counts 8, 9, 13, 18 and 19. They disagree about the scope of remand as to count 20 and about Byers's eligibility for relief on counts 1 and 12, the counts on which the weight enhancement allegations were found true.

First, an inmate's eligibility for resentencing under Proposition 36 is evaluated on a count-by-count basis. (*People v. Johnson* (2015) 61 Cal.4th 674, 688.) An inmate may therefore obtain resentencing "with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third strike sentence of 25 years to life." (*Ibid.*) Byers's convictions for manufacturing PCP (counts 8, 13 and 18), possessing PCP for sale (count 9); and possessing with intent to manufacture PCP (count 19) are not serious or violent felonies. (§§ 667.5, subd. (c), 1192.7, subd. (c).) The record also reveals no other disqualifying factors. (§ 1170.126, subd. (e)(2) & (3).) Byers is therefore eligible for resentencing on counts 8, 9, 13, 18 and 19.

Second, Byers is not eligible for resentencing on his conviction for possessing a firearm with a prior (count 20), *if* "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).) Although the record suggests Byers neither used a firearm nor was armed with one during the commission of the current offense, unlawful possession of a firearm may constitute being armed during an offense, for example, where a defendant has constructive possession of a weapon.[3] (See, e.g., *People v. White* (2014) 223 Cal.App.4th

---

[3] This division's opinion affirming Byers's convictions noted that Byers was seen at the residence where two guns were later found during a search. Also, at the hearing on Byers's petition, the prosecutor said she had "no additional evidence at this time to

3

512, 524; *People v. Elder* (2014) 227 Cal.App.4th 1308.) Such possession may render an inmate ineligible for resentencing. Because it appears that the trial court did not consider that issue, the court, on remand, may do so and determine whether Byers is eligible for resentencing on count 20.

Finally, the jury found true weight enhancement allegations (Health & Saf. Code, § 11370.4) as to counts 1 and 12, but Byers was not sentenced on the enhancements.[4] Because he was not sentenced on those enhancements, Byers argues he was eligible for resentencing. Section 1170.126, subdivision (e)(2), provides that an inmate is eligible for resentencing if the "inmate's current sentence was not imposed for any of the offenses appearing in" sections 667, subdivision (e)(2)(C)(i)-(iii), and 1170.12, subdivision (c)(2)(C)(i)-(iii). As relevant here, section 667, subdivision (e)(2)(C)(i), provides, "The current offense is a controlled substance charge, in which an allegation under Section 11370.4 . . . of the Health and Safety Code was admitted or found true."

The trial court's failure to impose sentence on the Health and Safety Code section 11370.4 weight enhancements does not render Byers eligible for resentencing on counts 1 and 12. Rather, those enhancements were found true by the jury, and there is no showing or claim that the evidence was insufficient to support those findings. That an additional term was not imposed on the enhancements does not change the fact that the amount of PCP involved in Byers's crimes exceeded 100 liters by volume (Health & Saf. Code, § 11370.4). (See *People v. Quinones* (2014) 228 Cal.App.4th 1040 [defendant found guilty of arming allegation but sentencing court declined to impose sentence on it; defendant ineligible for resentencing].) Byers's interpretation of Proposition 36—that he had to be sentenced on the weight enhancements in order for them to disqualify him from resentencing—contravenes its intent to limit eligibility for resentencing to third strikers

support that he was, in fact, armed as opposed to somehow being in constructive possession of a firearm."

[4]    It is unclear why Byers was not sentenced on the weight enhancements. The sentencing court neglected to mention the enhancements at the sentencing hearing.

4

whose current offense is nonserious, nonviolent and who have not committed specified current and prior offenses, such as certain drug, sex, and gun-related felonies.  (See generally *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1036-1038.)  Byers is not eligible for resentencing on counts 1 and 12.

## DISPOSITION

The order is affirmed as to counts 1 and 12.  The order is reversed and remanded with the direction to the trial court to reconsider eligibility for resentencing as to counts 8, 9, 13, 18, 19 and 20.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



ALDRICH, J.



We concur:



EDMON, P. J.



LAVIN, J.



5