Filed 12/8/21  P. v. Clay CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C091057 |
| v. | (Super. Ct. No. 97F08683) |
| DEMIANTRA CLAY, | |
| Defendant and Appellant. | |

In 1999, a jury convicted defendant Demiantra Clay of first degree murder, attempted robbery, and two counts of attempted murder, all while personally using a gun. The jury also found true a special circumstance allegation that the murder was committed during the commission of a robbery.  The trial court sentenced defendant to 25 years to life for the felony murder and consecutive life terms for each of the attempted murder convictions.

1

In 2019, defendant filed a petition for resentencing under Penal Code section 1170.95.[1] The petition asserted he is eligible for resentencing under that statute and requested appointment of counsel. The trial court appointed counsel but summarily denied the petition without a reply from defendant's counsel, based on this court's opinion in defendant's direct appeal and the robbery-murder special circumstance finding.

Defendant now contends the court erred in failing to elicit a reply from his counsel before denying the petition, in relying on the factual summary in this court's prior opinion, and in relying on the special circumstance finding. Because this court previously struck the jury's special circumstance finding as to defendant, we will reverse the trial court's order and remand for further proceedings.

BACKGROUND

We take the background from this court's prior opinion in defendant's direct appeal. (*People v. Flemmings* (June 27, 2003, C033687) [nonpub. opn.] (*Flemmings*).)[2] Ernest Johnson entered a house where defendant, codefendant Larnell Flemmings, and Joe Barnes were located. Barnes suddenly put Johnson in a choke hold and pointed a gun at his head; defendant was also holding a gun. Defendant and Flemmings both asked, "Where's the dope and money at?" (*Id.* [p. 3].) Flemmings went into another room, Johnson heard a gunshot, and then Flemmings returned with a gun. Larry Fort was later found with gunshot wounds to his neck and chest, resulting in paralysis. (*Id.* [pp. 3-4].)

Andrew McKissack was sitting on the floor near Johnson. Johnson saw defendant point his gun at McKissack, say "Are you all about ready to do this?" (*Flemmings, supra*,

---

[1] Undesignated statutory references are to the Penal Code.

[2] We granted defendant's motion to incorporate and take judicial notice of this prior decision. (Evid. Code, § 452, subd. (d).)

C033687 [p. 3), then heard a gunshot and saw McKissack fall over; Johnson did not see who fired the shot. Johnson fled, defendant pursued him, Johnson heard a voice that he thought was defendant's yell to shoot him, and Johnson was shot. McKissack died from a gunshot wound to the head and Johnson had a gunshot wound to his back and abdomen. (*Id.* [pp. 3-4].)

In 1999, a jury convicted defendant and Flemmings of the first degree murder of McKissack, the attempted murder of Fort, and the attempted murder and attempted first degree robbery of Johnson, all while personally using a gun. The jury also found true a special-circumstance allegation that the murder was committed during the commission of a robbery. The trial court sentenced defendant to 25 years to life in prison for the felony murder and also imposed consecutive indeterminate life terms for each of the attempted murder convictions. (*Flemmings, supra*, C033687 [pp. 1, 21, 24].)

On direct appeal, among other things, this court struck the special circumstance finding as to defendant because he was 15 years old at the time of the crimes and "where a minor is not subject to the punishment for a murder with special circumstances, there is no basis for charging a minor with a special circumstance." (*Flemmings, supra*, C033687 [pp. 20-21].) Even though the trial court "properly sentenced him to a term of 25 years to life in prison for felony murder," this court concluded the "special circumstances finding as to [defendant] is stricken." (*Id.* [pp. 21, 24].) This court also reversed the conviction for attempted robbery of Johnson and vacated the life sentences for the attempted murder convictions. (*Id.* [pp. 23-25].)

In March 2019, defendant filed a petition for resentencing under section 1170.95, alleging he could not now be convicted of murder because of the changes made to sections 188 and 189. The petition alleged he was not the actual killer, did not aid or abet the murder with the intent to kill, and was not a major participant in the felony or act with reckless indifference to human life. The trial court appointed defendant counsel on May 31, and the prosecution filed a response and a motion to dismiss on September 25.

3

On October 10, 2019, the trial court dismissed the petition; defendant's counsel had not filed a reply. The trial court explained that defendant was convicted of first degree murder "and a [section] 190.2[, subdivision] (a)(17) robbery-murder special circumstance was found true. In finding true the [section] 190.2[, subdivision] (a)(17) special circumstance, the jury necessarily found that [defendant] was either the actual killer, acted with intent to kill, or was a major participant in the underlying crime who acted with reckless indifference to human life." After quoting the fact section of *Flemmings*, the trial court concluded: "[Sections] 187 and 189 still provide for first degree murder based on robbery-murder, when the trier of fact has found that the defendant either was the actual killer, intended to kill, or was a major participant in the robbery who acted with reckless indifference to human life, and the jury in [defendant's case] necessarily found that to be so with regard to [defendant]."

## DISCUSSION

Defendant argues on appeal that the trial court committed reversible error by summarily denying his section 1170.95 petition (1) without permitting his counsel to respond to the prosecutor's opposition; (2) relying on the factual summary in our opinion from defendant's direct appeal; and (3) relying on the special circumstance finding after our Supreme Court's opinions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. The Attorney General agrees with defendant that the trial court should not have relied on the special circumstance finding, but provides a different reason: this court struck the special circumstance finding, so it cannot be the basis for denying defendant's petition. We find the Attorney General's argument persuasive.

### A

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, restricted the application of the felony-murder rule and the natural and probable consequences doctrine, as applied to murder, by amending sections 188 and 189. (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 248-249.) The amended

4

section 188 provides that "[e]xcept as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Senate Bill No. 1437 added section 189, subdivision (e) to provide that "[a] participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added section 1170.95, "which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Section 1170.95, subdivision (b) lists the required contents of a petition. "The petition shall include all of the following: [¶] (A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1).) If any of the information required by subdivision (b)(1) "is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).)

Subdivision (c) describes a trial court's responsibilities upon the filing of a petition that contains the information required by subdivision (b)(1). "The court shall review the

petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

A defendant must show the following to make a prima facie showing that he/she falls within the provisions of section 1170.95: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] [And] (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

B

Section 1170.95, subdivisions (b) and (c) create a four-step process for evaluating a petitioner's eligibility for relief: "a complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes one (not two) prima facie determination." (*Lewis, supra*, 11 Cal.5th at p. 966.) In making the prima facie determination, trial courts are not limited to the allegations of the petition; rather, they may "rely on the record of conviction in determining whether that single prima facie showing is made." (*Id.* at p. 970.) If the record of conviction establishes the petition lacks merit, the trial court may deny the petition without conducting further proceedings. (*Id.* at p. 971 ["The record of conviction will necessarily inform the trial court's prima

6

facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless"].)

However, "[i]f, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95[, subdivision (a)], then the trial court should issue an order to show cause. [Citation.]  Once the trial court issues the order to show cause under section 1170.95[, subdivision (c)], it must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, [subdivision] (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. [Citation.]  Notably, following the issuance of an order to show cause, the burden of proof will shift to the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980-981, abrogated on another ground in *Lewis, supra*, 11 Cal.5th at p. 963.)  Both the prosecution and the defense may rely on the record of conviction or may offer new or additional evidence.  (§ 1170.95, subd. (d)(3).)

C

A special circumstance finding under section 190.2, subdivision (a)(17) typically disqualifies a defendant from relief under section 1170.95.  Section 190.2, subdivision (d) provides that, for the purposes of those special circumstances based on the enumerated felonies in paragraph (17) of subdivision (a), which include robbery, an aider and abettor must have been a "major participant" and have acted "with reckless indifference to human life."  (§ 190.2, subd. (d); *Tapia v. Superior Court* (1991) 53 Cal.3d 282, 298.)  This satisfies the requirements for accomplice murder liability after Senate Bill No. 1437. (§ 189, subd. (e); *People v. Jones* (2020) 56 Cal.App.5th 474, 482 ["A defendant with a

special circumstance finding under section 190.2, subdivision (d) is not eligible for relief under section 1170.95 as a matter of law"].)**3**

In defendant's case, however, this court struck the special circumstance finding in his direct appeal. "[A] striking is an unconditional deletion of the legal efficacy of the stricken allegation or fact for purposes of a specific proceeding. It is tantamount to a dismissal. In particular, the striking of an enhancement implies that the enhancement is legally insupportable, and must be dismissed in furtherance of justice." (*People v. Santana* (1986) 182 Cal.App.3d 185, 190-191.) Dismissed or vacated allegations are not part of the record of conviction because they no longer serve as a basis of a conviction. (Cf. *People v. Trujillo* (2006) 40 Cal.4th 165, 179 [finding the defendant's statements made after his plea were "not part of the record of the prior conviction, because such statements do not 'reflect[ ] the facts of the offense for which the defendant was convicted' "].)

This differs from striking a prior conviction for purposes of sentencing. "[W]hen a court has struck a prior conviction allegation, it has not 'wipe[d] out' that conviction as though the defendant had never suffered it; rather, the conviction remains a part of the

---

**3** Appellate courts are split on whether a special circumstance finding can be overturned through a section 1170.95 petition under our Supreme Court's decisions in *People v. Banks, supra*, 61 Cal.4th 788 and *People v. Clark, supra*, 63 Cal.4th 522, which refined the analysis for who qualifies as a major participant acting with reckless indifference to human life. (See *People v. Gomez* (2020) 52 Cal.App.5th 1, 17 [defendants seeking relief on the basis of *Banks/Clark* must do so through habeas corpus], review granted Oct. 14, 2020, S264033 (*Gomez*); *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142-1143 [same], review granted Oct. 14, 2020, S264284 (*Galvan*); *People v. York* (2020) 54 Cal.App.5th 250, 260 ["We part ways with *Galvan* and *Gomez* because we do not agree that section 1170.95 requires a defendant to challenge a pre-*Banks* and *Clark* special circumstance finding in a habeas corpus proceeding before he or she may successfully challenge the underlying murder conviction in a section 1170.95 proceeding"], review granted Nov. 18, 2020, S264954.) We do not address this issue here because, as explained below, we vacated the special circumstance finding.

defendant's personal history." (*People v. Garcia* (1999) 20 Cal.4th 490, 499.)  These convictions may still be relied on because they do not suffer from "any legal infirmity" such as "a lack of evidentiary support, or other legal defect." (*People v. Quinones* (2014) 228 Cal.App.4th 1040, 1044.)  The prior convictions are stricken " ' "for the purpose of sentencing" only.' " (*People v. Shirley* (1993) 18 Cal.App.4th 40, 47.)

This court struck defendant's special circumstances finding because it had a legal defect -- defendant could not be charged nor convicted of the special circumstance as a minor.  The jury's special circumstances finding was legally insupportable, not just for sentencing purposes, and was eliminated from defendant's record of conviction.  Therefore, the trial court here should not have relied on the special circumstance finding in ruling on defendant's section 1170.95 petition and we must reverse its order for this reason.

We do not, however, issue an order to show cause under section 1170.95, subdivision (c) as defendant requests.  An order to show cause is only issued when a court finds a defendant has made a prima facie showing after reviewing readily ascertainable and reliable sources of information, such as portions of the record of conviction.  Though, on remand, the trial court cannot rely on defendant's special circumstance finding, the court can still rely on other portions of the record of conviction to determine defendant's eligibility at the prima facie stages.  Further, if defendant does make a prima facie showing he is entitled to relief, and the trial court issues an order to show cause, it may still rely on the facts underlying the special circumstance finding at the evidentiary hearing to determine entitlement to relief.  (Cf. *People v. Estrada* (2017) 3 Cal.5th 661, 665 ["a trial court may deny resentencing under [Proposition 36] on the basis of facts underlying previously dismissed counts"].)  We leave the trial court to make these determinations in the first instance absent consideration of the special circumstance finding.

## DISPOSITION

The trial court's order denying defendant's section 1170.95 petition is reversed, and the matter is remanded for the trial court to review defendant's petition consistent with this opinion.

/S/
MAURO, J.

We concur:


/S/
RAYE, P. J.


/S/
DUARTE, J.